415 So.2d 864 (1982)
James Harold ETHERIDGE, a/K/a Booty, and Larry Etheridge, a/K/a George Larry Etheridge, Appellants,
v.
STATE of Florida, Appellee.
No. 81-1467.
District Court of Appeal of Florida, Second District.
June 23, 1982.
Jack T. Edmund and Marshall Slaughter of Edmund, McDaniel & Holmes, Bartow, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
James and Larry Etheridge appeal their convictions for conspiring to traffic in cannabis. Having examined the three points raised by these appellants, we find that only one merits discussion. James Etheridge contends that he withdrew from the conspiracy prior to arrest. He bases this contention on the following three separate affirmative acts. After earlier meetings between James, Larry, drug enforcement agents, and several other men involved in the importation scheme, he refused to discuss the planned importation of contraband with the agent who had infiltrated the conspiracy. Later, he told the agent that a co-conspirator, Hammond, conceived the plan alone. Finally, he had his phone number changed to prevent the agent from calling him.
Section 777.04(3), Florida Statutes (1981), defines conspiracy as follows:
Whoever shall agree, conspire, combine, or confederate with another person or persons to commit any offense commits the offense of criminal conspiracy... .
This statute follows the common law view of conspiracy since it does not require an overt act. Slaughter v. State, 301 So.2d 762 (Fla. 1974), cert. denied, 420 U.S. 1005, 95 S.Ct. 1448, 43 L.Ed.2d 763 (1975). In addition, the Florida Standard Jury Instructions in Criminal Cases (2d ed. 1981), explicitly state that the defendant need not undertake any act in furtherance of the offense. See also King v. State, 104 So.2d 730 (Fla. 1958); State v. Trafficante, 136 So.2d 264 (Fla.2d DCA 1961); 16 Fla.Jur.2d Criminal Law § 1547 (1979). Therefore, once the intent is formed and the agreement made, the conspiracy is complete. James's refusal to further participate in additional criminal activity may have been sufficient to prevent conviction for other substantive offenses, *865 but it is insufficient to undercut his conspiracy conviction here since he had already committed that offense.
Appellants' trial counsel persuaded the trial judge to instruct the jury on the defense of abandonment by referring to section 777.04(5)(a). Section 777.04(5)(a) provides for the defense of abandonment only in regard to attempts, not conspiracies. Section 777.04 pertains to the three separate crimes of attempts, solicitation and conspiracy. Section 777.04(5) provides in subsection (a) for a defense to attempts, subsection (b) to solicitation and subsection (c) to conspiracies. Therefore, a person may escape liability for criminal conspiracy only under the circumstances enunciated in section 777.04(5)(c). The person relying on subsection (c) must show that he actually persuaded his confederates to abandon the enterprise or that he prevented the commission of the offense. James's actions fall far short of this statutory requirement.
The trial court's instruction on abandonment erroneously gave the jury the opportunity to consider Etheridge's abandonment as a legitimate defense to conspiracy. The jury refused to acquit even with this erroneous instruction. Accordingly, we affirm the convictions and sentences of both appellants.
BOARDMAN, A.C.J., and GRIMES, J., concur.