423 So.2d 417 (1982)
Andy BEKE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-488.
District Court of Appeal of Florida, Second District.
November 19, 1982.
Rehearing Denied December 22, 1982.
*418 Jack T. Edmund and Marshall Glenn Slaughter of Edmund, McDaniel & Holmes, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann G. Paschall, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Andy Beke was convicted of trafficking in cannabis and conspiring to traffic in cannabis. The court sentenced him to twelve years imprisonment for trafficking and ten years for conspiracy, the sentences to run concurrently. Beke raises two points on appeal, but we find merit only to his contention that the evidence was insufficient to support his conviction for conspiracy.
Beke was found guilty of both offenses after a jury trial. The state's evidence established that while on routine patrol, Deputy Harrison of the Highlands County Sheriff's Department observed Beke and two other individuals in a field. Harrison had previously received information from the Belle Glade Police Department and from local farmers that the field was being used as an airstrip for drug trafficking. Harrison observed two trucks leaving the field together. Beke was driving a white Dodge truck with a camper top; Wesley Rivers and Donald McSwain were in a black Ford truck. Harrison drove to a gate where the trucks would be exiting and called for back-up assistance. The black Ford reached the gate first and was stopped at gunpoint by Harrison. Beke's vehicle was then a quarter mile behind the Ford, but reached the gate shortly after the deputy stopped Rivers and McSwain.
After back-up units arrived Harrison looked in the Ford and saw a radio, walkie-talkie, and life rafts. He also found a slip of paper with the name of Beke's employer on it. Harrison then found another walkie-talkie in the front seat of Beke's truck. Later testimony revealed that the radio and walkie-talkie in the two trucks were set on different frequencies.
*419 Bales of hay were stacked in the rear of Beke's truck. The officers could smell marijuana through the open windows of the camper top, so they searched Beke's truck. They then discovered approximately 500 pounds of marijuana. At that point Beke, McSwain, and Rivers were arrested. The state charged each with trafficking and conspiring with one another to traffic in cannabis.
We find no merit to Beke's challenge of his conviction for trafficking in cannabis. We agree, however, that the facts established by the state are insufficient to support his conviction for conspiracy.
Section 777.04(3), Florida Statutes (1981), defines conspiracy as follows:
Whoever shall agree, conspire, combine, or confederate with another person or persons to commit any offense commits the offense of criminal conspiracy... .
Thus, the crime of conspiracy consists of two necessary elements: (1) an agreement, and (2) an intention to commit an offense. Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla. 1980). Once the intent is formed and the agreement made, the conspiracy is complete. There is no requirement that there be an overt act. Etheridge v. State, 415 So.2d 864 (Fla. 2d DCA 1982).
The state recognizes there was no proof of a formal agreement between Beke and the other two men. Still, it argues this is not necessary if the conspiracy can be inferred from circumstantial evidence indicative of an overall plan. Resnick v. State, 287 So.2d 24 (Fla. 1973); Borders v. State, 312 So.2d 247 (Fla. 3d DCA 1975). We agree. However, conspiracy is a separate and distinct crime from the offense which is the object of the conspiracy. Therefore, it is incumbent upon the state to offer proof other than commission of the substantive offense. Ramirez v. State.
Here, the only connection between the two trucks was that they were both traveling in the same direction on the same road at the same time. Beke's truck contained marijuana, but there were no drugs in the other truck. The radio and walkie-talkies in the trucks were set at different frequencies, so Beke was unable to communicate with Rivers and McSwain while they were in the other truck. The state did not introduce any evidence to show any plan or agreement among the parties, or any evidence of gestures, discussions, or relationships on the part of Beke with either McSwain or Rivers from which the jury could infer such an agreement.
The gravamen of the offense of conspiracy is the criminal intent to commit a substantive offense framed by and through a confederation or agreement of two or more persons. State v. Burkett, 344 So.2d 868 (Fla. 2d DCA 1977). The evidence on which the jury found Beke guilty of conspiracy fails to meet such requirement.
Accordingly, we reverse Beke's conviction for conspiracy. We affirm his conviction and sentence for trafficking in cannabis.
RYDER and SCHOONOVER, JJ., concur.