425 So.2d 32 (1982)
STATE of Florida, Appellant,
v.
H. Lee BAUMAN, Appellee.
No. 81-222.
District Court of Appeal of Florida, Fourth District.
December 8, 1982.
Petition for Rehearing Granted February 2, 1983.
Petition for Rehearing Denied February 2, 1983.
*33 Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellant.
Marc Cooper and Sharon L. Wolfe of Greene & Cooper, P.A., Miami, for appellee.
Appellant's Petition for Rehearing Granted February 2, 1983.
Appellee's Petition for Rehearing Denied February 2, 1983.
GLICKSTEIN, Judge.
The State appeals from an order granting appellee's sworn motion to dismiss and an unsworn motion to dismiss based upon alleged prosecutorial misconduct.[1] We find the order erroneous; therefore, we reverse and remand.
The amended information alleged that beginning on or about December 26, 1979, and continuing thereafter through on or about January 17, 1980, appellee and five others conspired to traffic in cocaine and cannabis.
The sworn motion to dismiss conceded that the depositions of two of the undercover officers and one of the coconspirators reflect that appellee, a lawyer, discussed arrangements for the sale of sixty kilograms of cocaine to the officers for $3,000,000 and 20,000 pounds of marijuana for $500,000 in several meetings over a period of weeks. However, the sworn motion contends dismissal was compelled because of two reasons. First, it relies on the investigative report and deposition of one of the officers, which reflects that on January 19, 1980, appellee met with the officer and told him that he never intended to complete any of the transactions which had been discussed; that he had only been looking for a legal fee and that "he would no longer be involved in any illegal acts." (Emphasis supplied.) Another undercover officer's deposition recited that appellee told the officer by telephone that he never intended to complete any transaction. Second, Paragraph 10A of the sworn motion asserted that appellee's withdrawal effectively thwarted the criminal purpose which had been discussed earlier. In short, the sworn motion asserts that the information should be dismissed because the undisputed material facts affirmatively establish appellee's defense of withdrawal. Camp v. State, 293 So.2d 114 (Fla. 4th DCA 1974). Such position would be supportable, if not traversed by appellant, because section 777.04(5)(c), Florida Statutes (1979) provides:
It is a defense under this section that, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose, the defendant:
... .
After conspiring with one or more persons to commit an offense, persuaded such persons not to do so or otherwise prevented commission of the offense.
However, appellant did traverse. While it admitted the conversations between appellee *34 and one of the officers, as well as with the coconspirator, Graf, as to "renunciation," it specifically denied the allegation of paragraph 10A and affirmatively asserted that as late as January 24, 1980, other coconspirators met during which time they discussed a continued willingness to sell controlled substances to the officers.
In granting the sworn motion to dismiss, the trial court erred in failing to consider paragraph 10A as a denial and in misconceiving such denial to be an attempt on appellant's part to assert in the traverse that the conspiracy continued through January 24th. Having misconceived the denial, the trial court then said such attempt was inconsistent with the allegation in the amended information that the conspiracy existed through January 17th. Had the trial court properly perceived the denial, it would have logically concluded that there was a genuine issue whether appellee "prevented commission of the offense" as provided by section 777.04(5)(c).
The trial court further erred in redefining the statutory defense of withdrawal as being "an endeavor to dissuade the coconspirators." Such "endeavor" clearly is insufficient under the foregoing statute.[2] A sufficient defense would arise only had appellee persuaded the coconspirators not to commit the offense. Moreover, this defense of persuasion was not the assertion in the sworn motion. Paragraph 10A alleged that appellee's withdrawal "effectively thwarted the criminal purpose" which legal conclusion was directed to the last clause of the section rather than the prior clause. We use the phrase "legal conclusion" carefully as a sworn motion must allege ultimate facts, not legal conclusions.
The root of the trial court's errors was its concern with the so-called "termination date" of the conspiracy, which leads us to our discussion of the unsworn motion asserting prosecutorial misconduct.
We start with the following premise in State v. Cain, 381 So.2d 1361, 1367 (Fla. 1980):
Here, however, we are dealing with the long-standing responsibility vested in a prosecutor, as a member of the executive branch, to enforce the criminal laws of the state. As we stated in Johnson v. State, [314 So.2d 573 (Fla. 1975)] supra, the discretion of a prosecutor in deciding whether and how to prosecute is absolute in our system of criminal justice.[8]
[8] Indeed, there is considerable authority for the proposition that prosecutorial discretion is itself an incident of the constitutional separation of powers, and that as a result the courts are not to interfere with the free exercise of the discretionary powers of the prosecutor in his control over criminal prosecutions. See Woodward v. Wainwright, 556 F.2d 781 (5th Cir.1977); Russell v. Parratt, 543 F.2d 1214 (8th Cir.1976); United States v. Bland, 153 U.S.App.D.C. 254, 472 F.2d 1329 (1972), cert. denied, 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973); United States v. Cox, 342 F.2d 167 (5th Cir.), cert. denied sub nom. Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965).
Accordingly, we would expect any accusation of prosecutorial misconduct, ascribing malicious motive to a prosecutor, to be supported by affidavit or sworn testimony and the state to be given an opportunity to counter such affidavits or testimony with that of its own. Although in the present case excerpts from depositions of the officers were attached as exhibits to the addendum to the unsworn motion, the entire depositions were not attached. Further, the officers were not sworn, trained prosecutors; and the state was never given an opportunity to file counter-affidavits or to provide testimony.[3] Looking at the matter from appellant's perspective, it appears that the assistant state attorney (now an elected circuit judge) explained to the trial court that he chose a cutoff date for the conspiracy *35 when the coconspirators stopped meeting with the officers. He further explained that he specifically elected not to use a later date in the amended information because he then would have to rely for proof of such later date solely upon the testimony of Graf, one of the coconspirators. This court notes that any experienced prosecutor generally recognizes that using a codefendant to prove the state's case is playing with dynamite. Assuming such explanation is not contradicted by the facts, dismissal would be an unwarranted sanction under these circumstances.[4] However, appellee contends that such explanation is contradicted by the facts because one officer's deposition reflects that testimony was available from the officers that they negotiated with the coconspirators after January 16th. We have reviewed the transcript of the hearing and the excerpt of the deposition attached to the addendum to the motion and find nothing from which to conclude the officers met with the coconspirators after January 16th other than the meeting between Officer Harrell and appellee wherein the latter announced his withdrawal; or in the alternative, that they did meet and that the prosecutor deliberately withheld that information from the trial court. Appellee's contention that the prosecutor's explanation is contradicted by the facts then fails.
We are, nevertheless, concerned by the fact that appellant represented to the trial court and to this court that the defense of "withdrawal" was unavailable to appellee because it occurred after the crime of conspiracy had been committed.[5] Assuming the state equated withdrawal with renunciation, such representation does not stand up; because it is apparent from the governing statute that renunciation, as defined, can take place after the agreement has been reached among the conspirators.
Finally, we wish to discuss the trial court's concern with the "termination date" of the conspiracy.[6] This concern arose, in large measure, because of the state's foregoing argument. However, the trial court was bothered by the discussion of when a continuing conspiracy terminated in United States v. Kissel, 218 U.S. 601, 31 S.Ct. 124, 54 L.Ed. 1168 (1910) (a statute of limitations question) and Epps v. State, 354 So.2d 441 (Fla. 1st DCA), cert. denied 360 So.2d 1250 (Fla. 1978) (a double jeopardy question). We have attempted to show by this opinion that for the purpose of deciding the two motions which led to the order being appealed viewed in light of what was tendered in support of such motions, the trial court's emphasis was misdirected towards the termination date of the conspiracy. As this case progresses at the trial level, such date may become relevant in deciding questions raised by either side. It should not have played a compelling role, however, in the decision upon the two present motions in the absence of (1) compelling evidence to dispel the prosecutor's explanation that the date represented the last date of negotiation-type meetings between the officers and the conspirators or to establish that if such meetings did occur, the prosecutor knew and withheld that information from the trial court, and (2) an opportunity for appellant to present evidence in support of its explanation.
HURLEY and DELL, JJ., concur.
NOTES
[1] As for the sworn motion, a dismissal pursuant to Fla.R.Crim.P. 3.190(c)(4) is appropriate only when there are no disputed material facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. Thus, a proceeding under this rule is the equivalent of a civil summary judgment. State v. Evans, 394 So.2d 1068 (Fla. 4th DCA 1981).
[2] See Etheridge v. State, 415 So.2d 864 (Fla. 2d DCA 1982).
[3] We say again that facts are not established for consideration by the trial court or by appellate review when attorneys make representations in their arguments before the trial court. Facts are established by testimony, affidavits and stipulations. It is of no moment in establishing facts that attorneys are "officers of the court" as we so often read when an unsworn representation is made.
[4] See State v. McGregor, 409 So.2d 504 (Fla. 4th DCA 1982).
[5] The two elements of the alleged conspiracy in this cause were the agreement among the six persons informed against and their intent to commit the offense charged. State v. Brandon, 399 So.2d 459 (Fla. 2d DCA 1981).
[6] We note, peripherally, that the transcript reflects a remark by another prosecutor that if the state did not, in fact, prove the conspiracy terminated by January 17th, appellee would be entitled to a directed verdict. Because this case must be tried, we hasten to dispel such notion if that remark was intended to mean that a directed verdict for appellee was proper if there was competent evidence introduced at trial that the conspiracy continued beyond the date alleged in the information. Prosecutors can never be sure what co-defendants will say on the stand until it is said.