STONE, J.
We reverse an order denying Treasure Coast’s motion to compel arbitration. The arbitration is required by the terms of the parties’ motor vehicle purchase agreement.
Heaton paid Treasure Coast for a Land Cruiser in accordance with the terms of the contract, but Treasure Coast refused to deliver the vehicle. Heaton sued for specific performance and deceptive and unfair trade practices and Treasure Coast moved to compel arbitration.
The contract contained the following arbitration clause:
ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS CONTRACT OR THE BREACH THEREOF, SHALL BE SETTLED BY ARBITRATION IN SOUTHEAST FLORIDA IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION AND JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATION MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.
Heaton’s claim is within the scope of this provision.
Heaton’s sole argument against arbitration is based on the location of the arbitration clause in the contract. He asserts that its location indicates that arbitration is applicable only to a specific clause and that the subject clause is not germane to this transaction. The trial court was persuaded by this argument.
We conclude' upon de novo review of the document that the arbitration provision applies to the contract as a whole. See Ocwen Fed. Bank FSB v. LVWD, Ltd., 766 So.2d 248, 249 (Fla. 4th DCA 2000). We note that in the left column of the contract there are several headings. Those headings are, from top to bottom: “trade-in information,” “payoff information,” “estimated payoff acknowledgment,” “rescission agreement,” and “insurance information,” under which Heaton’s insurance company and policy number are printed. The arbitration provision follows the “insurance information” section, and is clearly separate and distinct from the “rescission agreement” section, the clause to which Heaton claims it is limited. Nothing in the wording of either the arbitration or rescission provision implies the more restrictive interpretation advocated by Heaton.
We reverse and remand accordingly.
WARNER and STEVENSON, JJ„ concur.