875 So.2d 696 (2004)
ANTHONY JAMES DEVELOPMENT, INC., Appellant,
v.
BALBOA STREET BEACH CLUB, INC., Appellee.
No. 4D02-958.
District Court of Appeal of Florida, Fourth District.
June 2, 2004.
*697 Andrew Merlo of Andrew Merlo, P.A., Boca Raton, for appellant.
Adrienne Maidenbaum of Feinberg & Maidenbaum, Hollywood, for appellee.
STONE, J.
Anthony James Development, Inc. ("Buyer") appeals a final judgment ordering the specific performance of a real estate purchase contract. We reverse based on the trial court's erroneous interpretation of various provisions of the contract.
The applicable provisions of the March 19, 1999 contract with Balboa Street Beach Club, Inc. ("Seller") include the following addendums:
The parties further understand that the buyer shall make a diligent effort to obtain approval for residential development, and shall submit application for same within 60 days from the date hereof, from all applicable governmental departments and that the scheduled closing date and all of [Buyer's] obligations under the [sic] this agreement shall be contingent upon obtaining all necessary approvals for development, and closing shall take place on or about 30 days following [Buyer's] written receipt of said approvals.
[Buyer] understands that [Seller] has applied for a permit to construct a seawall on the subject property, and [Buyer] agrees to proceed with construction of the seawall in the event that said permit is obtained prior to closing.
[Buyer] agrees that in the event that the necessary governmental approvals have not been obtained or denied six months after the required application have been submitted, [Buyer] will pay 50% of [Seller's] monthly carrying costs, not to exceed $2,500.00.
In June 1999, the Department of Environmental Protection ("Department") issued Seller a permit for construction of a seawall; however, it required the seawall be built approximately twenty feet inland from the location initially requested. Further, an organization of homeowners and environmental advocates seeking to prevent the construction of the seawall filed a petition with Department for formal review. As a result, Department delayed construction of the seawall until all pending appeals had been fully adjudicated. Seller preserved all rights to appeal the placement of the seawall by filing numerous requests for extensions of time.
Buyer contends Seller interfered with Buyer's "ability to obtain the appropriate approvals" by failing to resolve the placement of the seawall and, thus, requested the court enjoin Seller from seeking any further extensions of time. Seller counter-claimed, *698 alleging that Buyer breached the contract by failing to make a "diligent effort" to obtain approvals for residential development. Seller asked the trial court to specifically enforce the agreement and ordered Buyer to immediately close on the property.
In its final judgment, following a non-jury trial, the trial court found that the location of the seawall must be resolved before Buyer could submit plans to the appropriate government agencies. Specifically, the trial court determined Buyer did not commit a breach; rather, failure to secure the location of the seawall tolled the time for Buyer to perform its obligations pursuant to the contract. The trial court further concluded that the meaning of the term "diligent effort" was reasonably ascertainable and Buyer made a "diligent effort" to obtain approval for residential development. Therefore, the court found the most equitable solution was to "put [Buyer] in [Seller's] shoes and close the property `as is.'" The final judgment allowed Buyer ten days to either "accept the property in its current condition ... or reject this proposal and get its money back."
The trial court's conclusion as to Buyer's good faith and diligent efforts is supported by the evidence. The record reflects that Buyer contacted a group specializing in various architectural, mechanical, and electrical services to design the beachfront residential development. Buyer also employed an architect to prepare drawings of the proposed residential structures and submitted a sufficient application for a building permit. Buyer submitted a preliminary site plan review and received comments on his development proposal from the city. Further, there is no indication that Buyer acted in bad faith or was deficient in its actions.
To the contrary, the trial court's finding, that Buyer should take the land "as is," is not supported by the record. Although Buyer agreed to accept the seawall in either location approved by Department, Buyer did not waive the provision regarding closing after obtaining the necessary written governmental approvals. Further, while the contract clearly and unambiguously stated that closing shall occur thirty days after Seller has "written receipt" of necessary approvals for residential development from the applicable government agencies, the record does not indicate that Buyer or Seller had yet received such approval.
The purpose of specific performance is to compel a party to do what it agreed to do pursuant to a contract. See Treasure Coast Motor Sales, Inc. v. Heaton, 848 So.2d 386, 387 (Fla. 4th DCA 2003).
By holding that Buyer must accept the property "as is," without obtaining the approvals, the trial court went beyond the contract in ordering specific performance. Clearly, by the contract terms and absent a breach, Buyer was only obligated to pay one-half of the carrying costs, to build the seawall when the permitting issues were resolved, and to pay the costs incurred while defending the seawall appeal or contesting the location of the seawall.
We, therefore, reverse and remand for modification consistent with this opinion.
KLEIN and TAYLOR, JJ., concur.