941 So.2d 589 (2006)
Benton W. CHAMBLISS and Brenda W. Chambliss, Appellants,
v.
Walter BENEDIKTER, Renata Benedikter and LMNOP, LLC, Appellees.
No. 4D05-4110.
District Court of Appeal of Florida, Fourth District.
November 15, 2006.
John J. Shahady and Thomas R. Shahady of Adorno & Yoss LLP, Fort Lauderdale, for appellants.
Joel C. Zwemer of Dean, Mead, Minton and Zwemer, Fort Pierce, for Appellee-LMNOP, LLC.
STONE, J.
Benton and Brenda Chambliss ("Buyer 1") appeal a final judgment awarding them specific performance of a real estate purchase contract, but, nevertheless, requiring that they be charged with paying for three years of property taxes in arrears prior to closing. As to the latter provision, we reverse.
*590 The specific performance award was against Benedikter (Seller) for a recently built home on Hutchinson Island. Because of the property's location, approvals from the Florida Department of Transportation, the Department of Environmental Protection, and the Army Corps of Engineers were required.
The purchase contract, on a standard real estate form, included provisions that "[a]ny open permits will be closed by seller at seller's expense prior to closing," and "[t]axes, assessments, interest, insurance and other expenses of the Property shall be `prorated through the day before closing.'"
As the closing date drew near, Seller advised the broker that he was working to resolve the various issues, but, in fact, he did not contact any of the pertinent governmental agencies or ask anyone else to do so, notwithstanding extensions signed by Buyer 1.
Buyer 1 filed this action against Seller and filed a lis pendens. Buyer 1 later discovered that Seller had entered into a second contract with LMNOP, LLC (Buyer 2), with different terms and for more money. Despite the lis pendens, the transaction with Buyer 2 closed. Buyer 1 then amended his complaint, joining Buyer 2.
Seller and Buyer 2 filed answers and affirmative defenses. Buyer 2's mirrored Seller's, and neither claimed a set-off. Buyer 2 also filed a cross-claim against Seller. Buyer 2 had possession of the property during the pendency of the litigation (close to three years), using it as a vacation home for himself, his business partners, and their extended family members.
Ultimately, the case went to trial and Seller, who had appeared pro se, absented himself from the proceedings halfway through the trial, never to re-appear. As the trial court so aptly expressed, the action involved two good faith buyers who had done nothing wrong, and a bad guy seller who "is off with the money."
Finding that Buyer 2 was charged with notice by virtue of the lis pendens, the trial court orally pronounced the grant of specific performance for Buyer 1, and ordered the deed to Buyer 2 stricken from public records and declared null and void. The trial court ordered a closing within a mutually feasible timeframe, orally stating that "whatever their contract calls for, they'll [Buyer 1] pay" with regard to closing costs.
Next, the trial court focused upon Buyer 2's damages against Seller. The trial court entered a judgment against Seller in favor of Buyer 2, but since Buyer 1's purchase price was less than Buyer 2's, there was a shortfall as to reimbursement of Buyer 2's loss out of the funds owed by Buyer 1 at closing.
As per each buyer's contract, the trial court ordered payment of attorney's fees and costs against SellerBuyer 1's to be paid in the form of a credit against the purchase price and Buyer 2's to be included in the judgment against Seller. With regard to past due taxes, the trial court orally pronounced "[t]hen put in that the closing costs will bethe taxes will be paid out of the closing just as you would normally at a closing."
The final judgment echoes the trial court's oral rulings on all points, save onethe real estate taxes in arrears. In paragraph G of the findings of fact, the order reads:
Since the Plaintiffs [Buyer 1] have had the use of the money during litigation and the Subject Property has substantially increased in value, the Court believes it equitable that the Plaintiffs pay the real property taxes now due in arrears *591 and that there be no proration of the 2005 taxes. The Court recognizes that Plaintiffs have not had the use of the Subject Property and that Defendant LMNOP, LLC [Buyer 2] has.
"A motion for set-off is an affirmative defense. Affirmative defenses are waived if not pled." JoJo's Clubhouse, Inc. v. DBR Asset Mgmt., Inc., 860 So.2d 503, 504 (Fla. 4th DCA 2003) (citations omitted). The question of property taxes was not pled at any point during the proceedings. It was only in closing argument that Buyer 2 suggested that it would be equitable to hold Buyer 1 responsible for the unpaid taxes (due to the increased value of the property and the fact that Buyer 1 had the use of the funds during the interim). However, it is error for the trial court to award relief not sought by the pleadings. Bd. of Regents v. Stinson-Head, Inc., 504 So.2d 1374, 1375 (Fla. 4th DCA 1987).
Further, and in any event, we conclude that the only circumstance in which Seller would have been entitled to a set-off against Buyer 1 is in the event Buyer 1 had sought an award for rents and profits that accrued to the property during the litigation. Had Buyer 1 done so, Seller would then be entitled to seek an offset of any monies he expended on the property (e.g. property taxes) against an award of rents and profits. See Roschman Partners v. S.K. Partners I, Ltd., 627 So.2d 2, 5 (Fla. 4th DCA 1993). An exception to this general rule is when one party wrongfully refuses to perform the contract. Shelter Corp. of Can. v. Bozin, 468 So.2d 1094, 1097 (Fla. 2d DCA 1985). Here, Seller collected no rents or profits and Seller was found to be the wrongdoer. Therefore, under no circumstances would Seller, or Buyer 2 standing in Seller's shoes, be entitled to a set-off for the real estate taxes.
We also note that although generally the trial court is empowered to fashion a remedy that balances the equities between parties, the parties involved in this specific performance claim are Seller and Buyer 1. Further, as between Buyer 1 and Seller, the trial court had no authority to vary the explicit terms of the contract. Anthony James Dev., Inc. v. Balboa St. Beach Club, 875 So.2d 696, 697 (Fla. 4th DCA 2004).
The contract expressly states that Seller is responsible for the taxes prior to closing. Even in context of specific performance, "the court will not make a new or different contract for the parties . . . and ordinarily, it will compel the performance of a contract only in the precise terms agreed upon by the parties themselves." Giehler v. Ward, 77 So.2d 452, 453 (Fla. 1955).
In Balboa St. Beach Club, our court reversed and remanded a grant of specific performance for modification because the trial court went beyond the contract in ordering performance where the contract did not require the property to be taken "as is" and certain provisions of the contract had not yet been met. 875 So.2d at 698. In Free v. Free, 936 So.2d 699, 704 (Fla. 5th DCA 2006), the Fifth District reversed a portion of a final judgment granting specific performance where the trial court ordered a party to pay expenses and costs that were the contractual obligations of the other party, stating, "[l]ogic and law dictate that the trial court may not declare [a contract's] validity and then refuse to require the parties, including the party seeking equitable relief, to honor all of their contractual commitments."
The tax issue is relevant only to the transaction between Seller and Buyer 1. The fact that Buyer 2 will net less cash from the transaction does not change the result. Buyer 2's remedy is in its judgment against Seller. Unpaid taxes as of *592 the closing date must be credited to Buyer 1 out of the funds due at closing.
Therefore, the judgment is reversed in part, and we remand for modification accordingly.
SHAHOOD and HAZOURI, JJ., concur.