979 So.2d 1194 (2008)
Milagros ROSA-HERNANDEZ, Appellant,
v.
Jose I. HERNANDEZ, Appellee.
No. 4D07-1212.
District Court of Appeal of Florida, Fourth District.
April 23, 2008.
John Herrera of John Herrera, P.A., Coral Gables, for appellant.
No appearance for appellee.
STONE, J.
The wife seeks review of an order compelling her compliance with a partial marital settlement agreement. Finding insufficient evidence in the record to support the trial court's order, we reverse and remand for further proceedings.
A significant provision of the written agreement details the parties' agreement to sell the marital home and divide the proceeds. Specifically, the paragraph titled "Marital Home" provides, in relevant part:
The parties agree to immediately place the property for sale. The wife has filed a lis pendens against this property. The wife agrees to file a Release of Lis Pendens in the public records of Broward County immediately. The parties acknowledge that the husband is a broker with ERL Homes Realty and that he will act as the listing agent of the property and take no commission to himself as the listing agent, with the Realty taking a three percent commission. The original asking price shall be not less than $550,000 as reflected on the appraisal dated April 4, 2006. The husband will continue to pay the first and second mortgages, taxes, and insurance. The parties agree to evenly divide the net proceeds of sale at the closing. At closing, the husband will be given credit from the wife's portion of the net sale proceeds for one-half of all reasonable and necessary expenses he has incurred in preparing the property for sale, including but limited to, interior and exterior painting, landscaping, and pressure cleaning. Until the residence is sold, the husband will continue to pay all expenses related to the upkeep, maintenance, *1196 and costs of the property. At closing, the wife shall receive the equalization payment more clearly discussed below.
The agreement was signed in April of 2006. In March 2007, the husband moved the trial court to compel the wife's compliance. A ready buyer had been found, with a closing to occur on March 30th, requiring that the wife vacate the home by March 29th. The trial court ordered the wife to "allow the sale of the marital residence to proceed, which includes the requirement to vacate."
Neither side argues that this order is founded on the court's authority under Chapter 61 to enforce orders regarding support, alimony, special equity, costs, or the like. Nor was there a request for partition. Rather, both parties seek resolution by application of principles of contract law, including specific performance, and a defense that the husband had unclean hands.
The terms of the listing and proposed real estate contract deviated from the terms of the parties' agreement in certain respects. The contract price was $50,000 less than the anticipated asking price specified in the agreement, the sales commission was 6% rather than the 3% agreed to (anticipating using the husband's real estate office), and the husband apparently failed to honor his obligation to pay mortgage and other expenses prior to the sale.
Although a hearing was conducted on the husband's motion to compel, no evidence was presented by either side, the hearing consisting entirely of attorney argument and bickering, and requests for continuance by the wife's new counsel. As no evidence was taken, there is no basis in the record for findings. The only thing the parties agreed on was that if the agreement was to be enforced, contract principles were applicable. However, as this court admonished in State v. Bauman, 425 So.2d 32, 34-35 n. 4 (Fla. 4th DCA 1982),
facts are not established for consideration by the trial court or by appellate review when attorneys make representations in their arguments before the trial court. Facts are established by testimony, affidavits and stipulations. It is of no moment in establishing facts that attorneys are "officers of the court". . . .
See also Daughtrey v. Daughtrey, 944 So.2d 1145, 1148 (Fla. 2d DCA 2006) ("As this court has previously observed, unsworn representations by counsel about factual matters do not have any evidentiary weight in the absence of a stipulation.").
The problem in this case is that the agreement is silent as to what should occur if the parties are unable to agree on an offer that is below the agreed-upon listing price, or how to arrive at a reduced listing price, or if the husband's firm was no longer able to be the listing broker (here, allegedly due to past conduct of the wife in frustrating sales), what is effect of the 3% commission limitation.
Neither side asserts, in this court or in the trial court, that the agreement is ambiguous. The husband is not seeking modification, but requests for an order enforcing the parties' agreement. The terms of the real estate sales contract, however, differ from provisions in the agreement. By ordering enforcement under the terms, albeit reasonable, that differ from terms in the agreement, the court is essentially modifying the agreement. See Chambliss v. Benedikter, 941 So.2d 589, 591 (Fla. 4th DCA 2006) ("`[O]rdinarily, [the court] will compel the performance of a contract only in the precise terms agreed upon by the parties themselves.'" (quoting Giehler v. Ward, 77 So.2d 452, 453 (Fla.1955))).
*1197 We sympathize with the dilemma faced by the trial court, presented with an emergency situation of property facing foreclosure and at risk of losing the only offer in a year at a price only 10% below the original asking price. The court was given little help by attorneys for either side. We note that the husband has failed to file a brief in support of the trial court's order.
We conclude that there is insufficient evidence in the record to support the trial court's order. As the order effectively modifies the parties' agreement, we reverse and remand for further proceedings consistent with this opinion.
STEVENSON and TAYLOR, JJ., concur.