FERNANDEZ, J.
United Property and Casualty Insurance Company appeals the trial court’s non-final order granting the insured’s motion to compel appraisal of a claim under a homeowner’s insurance policy. Because there was an issue of fact as to whether the insured complied with his post-loss obligations, the trial court’s failure to conduct an evidentiary hearing constituted error. We therefore reverse and remand.
Jose Concepcion’s property was damaged in October 2004 by Hurricane Wilma. United acknowledged coverage for the loss, and in 2005, tendered approximately $7,000 in payment for damages. In March 2009, a public adjuster inspected Concepcion’s property and filed a supplemental claim with United for $122,769.40. The public adjuster requested an appraisal for the amount of loss. Concepcion thereafter filed a breach of contract claim against United.
United responded that, pursuant to the insurance policy between the parties, Concepcion’s duties after loss included, in pertinent part, providing United with records and documents pertaining to the loss; submitting to an examination under oath and signing it; and sending United a signed, sworn proof of loss, within sixty days after United requested it. United alleged that Concepcion failed to comply with these post-loss obligations.
Concepcion filed a motion to compel appraisal. At the hearing before the trial court, United contended that appraisal was premature, as Concepcion still had not provided United with the information it needed to evaluate Concepcion’s claim. Concepcion contended that he went to an examination under oath and that he did repairs with a neighbor, but he did not have any receipts. The trial court granted the motion to compel appraisal and stated in its order: “The Court has reviewed the motion to compel appraisal, any and all documents filed in support thereof and opposition thereto and the complete court filef.]”.[1]
United contends that Concepcion failed to provide it with requested records and documents, failed to respond to material inquiries during his examination under oath, and failed to provide a sworn statement in proof of loss. Concepcion, on the other hand, claims that he provided United with sufficient documents and information to assess the claim and he therefore complied with his post-loss obligation. Specifically, Concepcion claims that the trial court had ample, sworn documents in the court file, including answers to interrogatories, from which it could conclude that he complied with his post-loss obligations under the insurance contract.
We hold that the dispute as to whether Concepcion complied with post-loss obligations created a fact issue which must be resolved by the court through an examination of the evidence. We therefore agree with United that the trial court was required to resolve the disputed question of fact, under the circumstances of *910 this case, by conducting an evidentiary hearing to determine if the insured had complied with the policy’s post-loss obligation requirements. As we stated in United States Fidelity & Guaranty Co. v. Romay, 744 So.2d 467, 471 n. 4 (Fla. 3d DCA 1999), “[t]he nature of the post-loss obligations is merely to provide the insurer with an independent means by which to determine the amount of loss, as opposed to relying solely on the representations of the insured.”
In order to make a preliminary determination that there is a disagreement between the insurer and the insured regarding the amount of loss, the trial court must be satisfied of the insured’s compliance with the policy’s post-loss conditions. Where the insurer reasonably disputes such compliance and raises a question as to the sufficiency of the insured’s compliance with post-loss obligations, a question of fact is created that must be resolved by the trial court before compelling appraisal. See Citizens Prop. Ins. Corp. v. Gutierrez, 59 So.3d 177 (Fla. 3d DCA 2011); Citizens Prop. Ins. v. Mango Hill Condo. Ass’n, 54 So.3d 578 (Fla. 3d DCA 2011); Citizens Prop. Ins. Corp. v. Maytin, 51 So.3d 591 (Fla. 3d DCA 2010). The transcript of the hearing on the motion to compel appraisal reflects that the trial court never reviewed any evidence on whether Concepcion complied with his post-loss obligations under the policy. The argument of counsel on this issue does not constitute evidence. See Leon Shaffer Golnick Adver., Inc. v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982).
We therefore reverse the trial court’s order compelling appraisal and remand the case to the trial court for an evidentiary hearing on the issue of the insured’s compliance with the insurance policy’s post-loss obligations.
Reversed and remanded with instructions.

. In his answer, Concepcion explains that the Examination Under Oath (“EUO”) was not filed with the court prior to the hearing on the motion to compel appraisal. The EUO may have been a significant piece of evidence, among others, from which the trial court could have concluded that the insured complied with his post-loss obligations.