SHEPHERD, J.
This is an appeal from an order vacating a residential foreclosure sale on the basis of unsworn allegations by a husband that his wife, a co-signatory with him on the foreclosed mortgage, “actively concealed” the proceeding by hiding all notifications under the family sofa. There is no issue as to service of process. Process was served lawfully on the husband’s seventy-eight-year-old mother-in-law, who trustingly handed the summons and complaint over to her daughter. The husband, represented on this appeal by his daughter, asserts this is one of several bizarre acts concerning the family finances that have come to light since the foreclosure sale, which has led the family to conclude the wife is mentally disturbed. The amount of the foreclosure judgment is a mere $26,500, which the husband asserts he is ready to pay in full. The motion to vacate the foreclosure sale was opposed below and continues to be opposed here by a bona fide third-party purchaser at the sale, Chase Home Loans, LLC. We reverse the order of the trial court.
The husband’s motion was brought under Florida Rule of Civil Procedure 1.540(b), which permits a trial court to relieve a party or a party’s legal representative from a final judgment, decree or order based upon mistake, inadvertence, surprise or excusable neglect. However, as we often have said, unsworn representations of counsel about factual matters do not have any evidentiary weight in the absence of a stipulation. See Lazcar Int’l, Inc. v. Caraballo, 957 So.2d 1191, 1192 (Fla. 3d DCA 2007) (citing State v. Bauman, 425 So.2d 32, 35 n. 3 (Fla. 4th DCA 1982)). “It is of no moment in establishing facts that attorneys are ‘officers of the court’ as we often read when an unsworn representation is made.” Bauman, 425 So.2d at 35 n. 3. Nor is the fact that the wife may have been the subject of some undetected “degree of mental incapacity” during the course of the foreclosure action. Even if true, this does not create a sufficient showing of mistake, inadvertence, surprise or excusable neglect to warrant vacating a final judgment. John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA 1980); see also Am. Natl Bank v. Lau, 268 So.2d 567 (Fla. 2d DCA 1972).
We have no doubt the trial court’s motivation in reaching its decision was inspired by benevolence and compassion for the family. We also are mindful that in equity jurisdiction there is some play in the joints. John Crescent, Inc., 382 So.2d at 386. However, as we recently have said, “[a] trial court is not free to refuse to follow the law because of some personal disinclination or otherwise.” TBOM Mortg. Holding LLC v. Brown, 59 So.3d 322, 323 (Fla. 3d DCA 2011) (citing Republic Fed. Bank, N.A. v. Doyle, 19 So.3d 1053, 1054 (Fla. 3d DCA 2009) (stating that “no judicial action of any kind can rest on such a foundation”).
*1242 We reverse the order vacating the judicial sale in this case and remand for further proceedings consistent herewith.
Reversed.