DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARSHA ANTONIA SEALY,**
Appellant,

v.

**TREVOR SEALY,**
Appellee.

No. 4D17-1631

[May 16, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 50-2012-DR-006660-XXXX-MB.

John F. Schutz of John F. Schutz, PL, West Palm Beach, for appellant.

Trevor Sealy, Fort Lauderdale, pro se.

PER CURIAM.

Former Wife appeals an order directing her and Former Husband to evenly split the proceeds of the sale of their marital home. We have de novo review, as this case involves the interpretation of a contract. *See Klinow v. Island Court at Boca W. Prop. Owners' Ass'n,* 64 So. 3d 177, 180 (Fla. 4th DCA 2011). Because the trial court's remedy exceeds the remedy provided for in the parties' mediated settlement agreement, we reverse. *See Chambliss v. Benedikter,* 941 So. 2d 589, 591 (Fla. 4th DCA 2006) (although generally a court is empowered to fashion a remedy that balances equities between parties, it has no authority to vary the explicit terms of a contract).

The mediated settlement agreement indicates that, should Former Wife fail to refinance the mortgage within six months of the dissolution of marriage, Former Husband has the right "to have the house sold or to refinance the house in his own name and buy the wife out of the home for 50% of the equity." The trial court correctly noted that this provision governs the instant dispute. However, it erred in determining that Former Husband would be entitled to 50% of the proceeds of a forced sale of the home, as the 50% language in the contract applies only to the refinance

option in which Former Husband refinances the house in his own name and buys out Former Wife's interest in the house.

We therefore affirm the trial court insofar as it forced a sale of the marital home. However, we reverse its grant of 50% of the sale proceeds to Former Husband and remand for evidentiary proceedings as required to determine entitlement to the sale proceeds under the mediated settlement agreement governing the parties' divorce.

*Affirmed in part, reversed in part, and remanded with instructions.*

LEVINE, CONNER and FORST, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***