DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMERICAN COASTAL INSURANCE COMPANY,**
Appellant,

v.

**QUADOMAIN CONDOMINIUM II ASSOCIATION, INC.,**
Appellee.

No. 4D19-1316

[February 26, 2020]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 18-012929 CACE (13).

Patrick E. Betar, William S. Berk, Melissa M. Sims and Steven J. Getman of Berk, Merchant & Sims, PLC, Coral Gables, for appellant.

Anthony M. Lopez of Marin, Eljaiek, Lopez & Martinez, P.L., Coconut Grove, for appellee.

PER CURIAM.

American Coastal Insurance Company ("Insurer") appeals the trial court's nonfinal order granting Quadomain Condominium II Association, Inc.'s ("Insured") motion to compel appraisal of a claim under a property insurance policy. Despite the Insurer's contention that the Insured had not complied with its post-loss obligations, the trial court granted the motion to compel appraisal without conducting an evidentiary hearing. We reverse.

"[W]here the 'insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented' regarding the necessity or sufficiency of compliance." *Sunshine State Ins. Co. v. Corridori*, 28 So. 3d 129, 131 (Fla. 4th DCA 2010) (quoting *Haiman v. Fed. Ins. Co.,* 798 So. 2d 811, 812 (Fla. 4th DCA 2001)). "When a factual dispute exists as to whether a party requesting an appraisal complied with its post-loss obligations, the trial court must hold an evidentiary hearing to determine the issue of such compliance." *First Protective Ins. Co. v. Ahern*, 278 So. 3d 87, 89 (Fla. 4th DCA 2019); *see also United Prop. & Cas.*

*Ins. Co. v. Concepcion*, 83 So. 3d 908, 910 (Fla. 3d DCA 2012) ("Where the insurer reasonably disputes such compliance and raises a question as to the sufficiency of the insured's compliance with post-loss obligations, a question of fact is created that must be resolved by the trial court before compelling appraisal.").

We reverse the trial court's order compelling appraisal and remand for an evidentiary hearing.

*Reversed and remanded.*

LEVINE, C.J., GROSS and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***