DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**L.B.,** the mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,** and
**GUARDIAN AD LITEM,**
Appellees.

No. 4D20-1153

[September 23, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alberto Ribas, Jr., Judge; L.T. Case No. 11-609CJDP.

Kevin G. Thomas, Sunny Isles Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Fort Lauderdale, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Samantha C. Valley, Senior Attorney, Appellate Division, Florida Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian Ad Litem.

PER CURIAM.

The Department of Children and Families ("DCF") has appropriately acknowledged the trial court's reversible error in ruling on the Guardian ad Litem's "Motion to Modify to a Sole Goal of Permanent Guardianship, Place the Minor Child in a Permanent Guardianship and to Terminate Protective Supervision." As conceded by DCF, Appellant mother did not receive proper and timely notice that this motion would be heard at the scheduled April 13, 2020 Judicial Review hearing. Moreover, the Judicial Review Social Study Report recommending permanent guardianship was not filed until *after* the hearing had concluded. While the Guardian ad Litem suggests that appellant waived notice by failing to object, we conclude that appellant's attorney did object as soon as it became apparent that the court was ruling on the motion, as opposed to simply conducting a judicial review.

Accordingly, we reverse and remand the trial court's order which placed the child in permanent guardianship and terminated protective supervision. The trial court shall schedule a Judicial Review hearing, after which any of the parties may file motions and properly and timely request an evidentiary hearing on the motion(s).

*Reversed and remanded for further proceedings.*

GERBER and ARTAU, JJ., concur.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I concur in the reversal for an evidentiary hearing. In addition to the lack of notice, the evidence presented by DCF at the hearing was deficient. The court found that appellant's numerous diluted urine samples indicated that she had not refrained from drinking alcohol, which was a substantial condition of her plan. There was no evidence, however, regarding the significance of the diluted samples. No testimony was offered as to how these compromised the case plan objectives. Only the lawyers suggested in argument that appellant was disguising her alcohol use by drinking water. As we have said, the unsworn argument of attorneys does not establish facts upon which the trial court can rely in its ruling. *See Rosa-Hernandez v. Hernandez,* 979 So. 2d 1194,1196 (Fla. 4th DCA 2008) (*quoting State v. Bauman,* 425 So. 2d 32, 34-35 n. 3 (Fla. 4th DCA 1982)). Without evidence to support this crucial factor, I would hold that the court also erred in determining that appellant failed to comply with her case plan.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***