# Third District Court of Appeal

## State of Florida

Opinion filed March 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D19-1194, 3D19-1359
Lower Tribunal No. 17-22822
_____

**Eugene E. Mori,**
Appellant,

vs.

**Fortune Capital Partners, Inc.,**
Appellee,

Appeals from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Piedra & Associates, P.A., and Jorge L. Piedra, for appellant.

Shutts & Bowen LLP, and Steven M. Ebner, and Julissa Rodriguez, and Jamie B. Wasserman, for appellee.

Before SCALES, LINDSEY, and LOBREE, JJ.

LINDSEY, J.

These consolidated appeals stem from a failed real estate transaction involving four parcels of land and two separate contracts. The court below entered final summary judgment in favor of Appellee Fortune Capital Partners, Inc., and ordered Appellant Eugene Mori to specifically perform by selling two of the four parcels of land for a reduced price. The court also entered an order awarding attorney's fees and costs in favor of Fortune.[1] Because the trial court erred in ordering specific performance, we reverse and remand for further proceedings.

In May 2017, Mori entered into two contracts to sell four parcels of land to Fortune. In June 2017, Fortune notified Mori of title defects with respect to two of the four parcels.[2] Fortune then filed the underlying action for specific performance and moved for summary judgment.[3] The trial court

---

[1] Case 3D19-1194 is an appeal from the order entering final summary judgment. Case 3D19-1359 is an appeal from the order on attorney's fees.

[2] The primary alleged defect was that Mori only held a 50% interest in a 46-acre parcel containing a lake (the "Lake Parcel"). The other 50% of the Lake Parcel was held by the estate of Mori's deceased father. One of the contracts was for the purchase of an apartment building on a parcel adjacent to the Lake Parcel. However, since the building allegedly encroaches on the Lake Parcel, the defect affects both the Lake Parcel and the apartment. Mori maintains there are no material title defects.

[3] Fortune's Complaint also contains counts for breach of contract damages, breach of good faith and fair dealings, and unjust enrichment.

ultimately granted final summary judgment and ordered that the two parcels without the alleged title defects be sold with a reduction in price.

"The purpose of specific performance is to compel a party to do what it agreed to do pursuant to a contract." Anthony James Dev., Inc. v. Balboa St. Beach Club, Inc., 875 So. 2d 696, 698 (Fla. 4th DCA 2004). Here, the remedies available in the event of title defects were limited by the terms of both contracts, which specifically provide, in pertinent part, as follows:

> If the defects are not cured within the Curative Period, Buyer will have 10 days from receipt of notice of Seller's inability to cure the defects to elect whether to terminate this Contract or accept title subject to existing defects and close the transaction without reduction in purchase price.

In other words, if any title defects were not cured, Fortune could either (1) terminate the contracts or (2) accept title *subject to existing defects* and close the transaction *without reduction in purchase price*.[4]

As the Fourth District explained in Taines v. Berenson, 659 So. 2d 1276, 1277 (Fla. 4th DCA 1995), a case involving a similar contractual provision, the trial court erred in awarding specific performance with an abatement in price because the buyer's remedies "were limited by the terms

---

[4] Mori raises several issues on appeal. Because this provision in both contracts is dispositive, we do not address the merits of Mori's other arguments.

3

of the contract itself . . . . Here, despite having options (1) and (2), as indicated above, available to him, [Buyer] exercised neither. He neither agreed to accept a deed for title as it existed, nor did he request a refund and cancellation of the contract." The same is true for Fortune. We therefore reverse the final judgment ordering specific performance with an abatement and remand for further proceedings consistent with this opinion.

Reversed and remanded.[5]

---

[5] Because we reverse the final judgment, we also reverse the fee judgment.