# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-436
Lower Tribunal No. 21-15835
_____

## Certain Underwriters at Lloyd's, London, etc., et al.,
Appellants,

vs.

## Gables Court Condominium Association, Inc.,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Butler Weihmuller Katz Craig LLP, and Jason M. Seitz and Mihaela Cabulea and Yoniece Dixon (Tampa), for appellants.

Mintz Truppman, P.A., and Timothy H. Crutchfield, for appellee.

Before EMAS, LINDSEY and BOKOR, JJ.

EMAS, J.

## ON PARTIAL CONCESSION OF ERROR

Certain Underwriters at Lloyd's, London (Lloyd's) appeals the trial court's nonfinal order compelling appraisal and its subsequent order on Lloyd's motion for reconsideration.[1]

On appeal, Lloyd's contends Gables Court Condominium Association, Inc. (Gables Court) failed to fully comply with its post-loss obligations, thus hindering Lloyd's investigation of the claim. It maintains that, in light of Gables Court's failure to comply with post-loss obligations, the trial court's order compelling appraisal is premature because there is not yet a genuine disagreement regarding the amount of a covered loss. Lloyd's further contends that the trial court erred in finding Gables Court did not waive its right to appraisal where (according to Lloyd's) Gables Court engaged in litigation conduct inconsistent with its appraisal rights.

In response, Gables Court concedes partial error. It acknowledges that, because there remains a factual dispute regarding whether Gables Court complied with its post-loss obligations, the trial court erred by granting the motion to compel appraisal without first conducting an evidentiary

---

[1] We have jurisdiction. <u>See</u> Fla. R. App. P. 9.130(a)(3)(C)(iv) (providing for appellate review of nonfinal orders that determine "the entitlement of a party to . . . an appraisal under an insurance policy.")

2

hearing. However, Gables Court disputes Lloyd's contention that the trial court erred by finding no waiver of the right to appraisal.

Upon our consideration of Gables Court's partial concession of error,[2] and our independent review of the record, we reverse and remand for an evidentiary hearing to determine whether Gables Court complied with its post-loss obligations under the policy.

"It is well-settled in Florida that all post-loss obligations must be satisfied before a trial court can exercise its discretion to compel appraisal." State Farm Fla. Ins. Co. v. Fernandez, 211 So. 3d 1094, 1095 (Fla. 3d DCA 2017) (citing State Farm Fla. Ins. Co. v. Cardelles, 159 So. 3d 239, 241 (Fla. 3d DCA 2015)) ("[A]n insured must comply with all of the policy's post-loss obligations before the appraisal clause is triggered.") (quotation omitted); State Farm Fla. Ins. Co. v. Hernandez, 172 So. 3d 473, 476-77 (Fla. 3d DCA 2015) ("[T]he party seeking appraisal must comply with all post-loss obligations before the right to appraisal can be invoked under the contract.") "Until these [post-loss obligation] conditions are met and the insurer has a reasonable opportunity to investigate and adjust the claim, there is no 'disagreement' (for purposes of the appraisal provision in the policy)

---

[2] Lloyd's has, in essence, rejected Gables Courts' partial concession of error, contending there is no need for an evidentiary hearing because the existing record establishes there is no appraisable issue at this juncture.

3

regarding the value of the property or the amount of loss." <u>Cardelles</u>, 159 So. 3d at 241 (quoting <u>Citizens Prop. Ins. Corp. v. Galeria Villas Condo. Ass'n</u>, 48 So. 3d 188, 191 (Fla. 3d DCA 2010)).

Under the circumstances presented, the trial court erred in compelling appraisal without conducting an evidentiary hearing. <u>See</u> <u>Auto Club Ins. Co. of Fla. v. Santee</u>, 347 So. 3d 451, 452 (Fla. 3d DCA 2022) ("Upon review of the record, we find that the trial court erred in granting the motion to compel appraisal and stay litigation without first conducting an evidentiary hearing to determine compliance with post loss obligations. Before compelling appraisal, the trial court must determine that post loss obligations have been met and that an arbitrable issue exists regarding the amount of the loss.") Specifically, the trial court improperly relied upon counsel's representations—rather than evidence—in resolving disputed issues of fact and in determining whether Gables Court complied with its post-loss obligations. <u>See</u> <u>People's Tr. Ins. Co. v. Ortega</u>, 306 So. 3d 280, 284 (Fla. 3d DCA 2020) ("[W]hen an insurer reasonably disputes whether an insured has sufficiently complied with a policy's post-loss conditions so as to trigger the policy's appraisal provision, a question of fact is created that must be resolved by the trial court before the trial court may compel appraisal.") <u>See also</u> <u>Echevarria v. Lennar Homes, LLC</u>, 306 So. 3d 327, 329 n.2 (Fla. 3d

4

DCA 2020) (observing that "unsworn legal argument of counsel is not evidence"); Chase Home Loans LLC v. Sosa, 104 So. 3d 1240, 1241 (Fla. 3d DCA 2012) ("[U]nsworn representations of counsel about factual matters do not have any evidentiary weight in the absence of a stipulation"); State v. T.A., 528 So. 2d 974, 975 (Fla. 2d DCA 1988) ("Although [an] attorney [is] an officer of the court subject to disciplinary action for deceiving a judge by a false statement. . . representations by counsel not made under oath and not subject to cross-examination, absent a stipulation, are not evidence.")

Our decision in United Prop. & Cas. Ins., Co. v. Concepcion, 83 So. 3d 908 (Fla. 3d DCA 2012) is instructive. In Concepcion, the insurer appealed an order compelling appraisal, maintaining that the insured's motion was premature because the insured failed to comply with its post-loss obligations, e.g., to provide requested documents, to respond to material inquiries during an examination under oath, and to provide a sworn proof of loss. The insured countered that he provided the insurer with sufficient documents and information to assess the claim, and that the trial court had "ample, sworn documents in the court file, including answers to interrogatories, from which it could conclude that he complied with his post-loss obligations under the insurance contract." Id. at 909.

We reversed the trial court's order compelling appraisal and remanded for an evidentiary hearing, noting that the trial court did not review any evidence in determining whether the insured complied with his post-loss obligations, and that "[t]he argument of counsel on this issue does not constitute evidence." Id. at 910.

In similar fashion, the trial court in this case relied on argument of counsel in reaching its decision, including counsel's representation that any documents not provided to Lloyd's do not exist (e.g., meeting minutes and invoices for completed roof repairs and repairs to the clubhouse interior). Counsel's arguments and representations were not made under oath, nor was counsel subject to cross-examination by the opposing party. Such representations and arguments do not constitute evidence. An evidentiary hearing was necessary to resolve factual disputes regarding Gables Court's compliance with its post-loss obligations. See Sunshine State Ins. Co. v. Corridori, 28 So. 3d 129, 131 (Fla. 4th DCA 2010) ("[W]here the 'insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented' regarding the necessity or sufficiency of compliance. . . . Whether appellees' compliance with the policy terms was necessary or sufficient is a dispute of fact") (citation omitted).

Finally, we do not find merit in Lloyd's contention that Gables Court waived its right to appraisal. Review of the record reveals Gables Court consistently sought appraisal, and did not act inconsistently with the exercise of that right. Gables Court invoked appraisal prior to filing suit; alleged in its complaint breach of contract based in part on Lloyd's denial of Gables Court's presuit demand for appraisal; and four months after suing Lloyd's (and two weeks after Lloyd's filed its Answer), Gables Court filed its motion to compel appraisal. The trial court did not err in determining that Gables Court did not waive its right to appraisal under the policy. Heritage Prop. & Cas. Ins. Co. v. Superior Contracting & Envtl. Specialties, LLC, 314 So. 3d 743, 746 (Fla. 2d DCA 2021) ("The courts have viewed the question of whether a party's participation in litigation will be sufficient to act as a waiver of the right to demand appraisal on a case-by-case basis, focusing on whether the party acted inconsistently with this right"); Florida Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 494 (Fla. 5th DCA 2014) ("Because the [insureds] demanded appraisal shortly after FIGA conceded coverage, and propounded only a single request for admissions before seeking appraisal, we view this case as closer to those finding no waiver"); Auto Club Ins. Co. of Fla. v. Santee, 347 So. 3d 451, 452 (Fla. 3d DCA 2022) ("Auto Club argues that the insureds waived their right to appraisal by pursuing litigation. We

7

disagree and conclude that the insureds did not waive their right to appraisal because litigation is not necessarily inconsistent with the remedy of appraisal and in this particular case, the Santees did not maintain a position inconsistent with appraisal.")

We reverse the order compelling appraisal and remand for an evidentiary hearing to determine whether Gables Court complied with its post-loss obligations. We affirm the trial court's determination that Gables Court did not waive its right to appraisal.