POLEN, Judge.
Lawrence Krasnick appeals an order revoking his probation for failure to pay restitution of $750,000 and costs of supervision. We affirm.
In January of 1989, Krasnick and his wife, Carmen, pled guilty to several charges arising out of a coupon fraud scheme. He was sentenced to five years imprisonment, to be followed by five years of probation, and his wife was sentenced to five years probation. Krasnick’s order of probation included two special conditions: 1) payment of $750,000 in restitution, to be paid within three years after his release; and 2) payment of investigative costs. Carmen Krasnick was jointly and severally liable for payment of these amounts, and her probation order contained identical terms.
Lawrence Krasnick was released from prison in July of 1990, and in January of 1991, was charged with violating his probation for failure to make restitution payments. The court dismissed the violation warrant and granted an extension of the couples’ payment of restitution to a period ending one month prior to expiration of probation. A second violation warrant was filed against Carmen Krasnick[1] in December of 1993, based on the fact her probation was to terminate in January of 1994, and restitution had not been paid. In July of 1994, a similar warrant was filed against Lawrence Kras-nick.
The Krasnicks appeared together before Seventeenth Circuit Judge Carole Y. Taylor, whom we commend for her handling of this case. Based on the evidence presented, Judge Taylor found the Krasnicks had the ability to make a good faith restitution payment of $50.00 per month. She found they violated a special condition of probation by failing to make any payment toward restitution, and further found the violations were willful and substantial. During sentencing, *524 the Krasnicks informed the court they would have to be imprisoned because they could not afford to pay $50.00 per month. Lawrence Krasnick asked the court: “Can you take $30.00?” Judge Taylor revoked probation as to both Lawrence and Carmen Krasnick, and placed both on probation for five years with the special condition they pay restitution of $30.00 per month.
Lawrence Krasnick raises four points on appeal, including allegations of error in the admission of certain evidence and in the court’s finding he had an ability to pay restitution. We affirm as to all points, and write only to address Krasnick’s contention the court erred in finding he violated his probation because his 1989 payment schedule was determined by a probation officer rather than the court. Our review of the record reveals Krasnick raises this issue for the first time in this appeal. The Krasnicks failed to seek a correction of alleged error by way of appeal following entry of the original probation order, or in 1991, when they appeared before the trial court. Therefore appellate review of this issue has been waived. We note, however, had the issue been properly presented, we would conclude the Krasnicks’ absolute failure to make any effort toward monthly payment of restitution between 1990 and 1994, renders harmless any alleged error in the creation of the 1989, payment schedule. We will not justify Krasnick’s argument, when this record reveals he pled guilty and was sentenced in 1989, yet he delayed making his first monthly restitution payment until January of 1994.
Finally, Krasnick is precluded from alleging error in his ability to make the $30.00 per month restitution payments. If error occurred, Krasnick expressly invited such error by asking the court to accept a $30.00 monthly payment. Ragatz v. State, 679 So.2d 62 (Fla. 4th DCA 1996).
PARIENTE and GROSS, JJ., concur.

. The case of Carmen Krasnick has not been consolidated with that of Lawrence Krasnick. The opinion concerning her appeal is contained in case No. 95-3457, 691 So.2d 524 (Fla. 4th DCA March 26, 1997).