HAZOURI, J.
The State of Florida appeals from the dismissal of a petition for delinquency for loitering and prowling filed against S.P., a child. At the time of the adjudicatory hearing on the charges, S.P. moved to dismiss because the state amended its charging document, which originally charged S.P. with loitering and prowling by attempting to open doors of various vehicles for no legitimate purpose to attempting to open doors on a number of residences. Based upon this change in the charging document, the trial court granted S.P.’s motion to dismiss. We reverse.
S.P. was arrested on a charge of loitering and prowling. The petition for delinquency on the charge alleged that S.P. loitered and prowled when he “attempted] to open the doors of various vehicles for no legitimate purpose.” However, according to the probable cause affidavit, S.P. was observed by the police trying the doors on a number of residences — not trying car doors.
In filing his motion to dismiss the amended petition, S.P. argued that the amended petition alleged an entirely different basis in action and in fact, making it a new and different law violation, as well as untimely because it was filed after the initial ninety-day period following his arrest. S.P. also argued that the change was substantive, with the petitions actually alleging different law violations, which subjected the new petition to the ninety-day speedy trial period. The state argued that it merely amended to correct a clerical error from vehicles to residences and, therefore, there was no new substantive violation because the charge of loitering and prowling remained the same, with the same elements. The state reasoned that it had to prove S.P. loitered or prowled in a place at a time or in a manner not usual for law abiding citizens, but did not have to prove he was opening vehicle doors or doors of residences. We agree.
We review an order granting a motion to dismiss de novo. State v. N.F., 924 So.2d 912, 913 (Fla. 5th DCA 2006).
The state relies upon M.F. v. State, 583 So.2d 1383 (Fla.1991). In M.F., the defendant was arrested on May 31, 1989, when *758 he bought rock cocaine from an undercover officer. In the state’s petition for delinquency filed on June 27, it alleged that M.F. “did unlawfully and feloniously sell, purchase, manufacture, or deliver, or possess with intent to sell, purchase, manufacture, or deliver a controlled substance, to-wit: CANNABIS, ... in violation of [section] 893.13 [of the] Florida Statutes [1987].” Id. at 1384. The adjudicatory hearing was set for sixty-nine days after the date of arrest, at which time the state orally moved to amend to change the controlled substance to cocaine, a second degree felony. Over objection, the trial court permitted the amendment but granted a thirty-day continuance. In 1989, section 39.05(6), Florida Statutes (1987), required that a petition be filed within forty-five days of arrest. The defendant filed a motion to dismiss arguing that the state filed a new charge outside the forty-five-day filing period. The state responded that it was merely correcting a technical error. The trial court denied the motion to dismiss and the district court affirmed.
On appeal to the supreme court, the denial of the dismissal was affirmed. Initially, the court noted that “[o]nce a proper petition for delinquency has been timely filed, the state may correct defects or variances by amending the petition prior to the adjudicatory hearing.” Id. at 1385 (citing Florida Rule of Juvenile Procedure 8.110(c) and (d)).[1] It further held:
[D]ue process of law requires the state to allege every essential element when charging a violation of law, either in adult criminal or juvenile proceedings, to provide the accused with notice of the allegations.... Accordingly, a charging document is subject to dismissal if it fails to properly allege every essential element of the offense or if it is not filed within the period of time allowed by law.
This Court has carved out an exception to the filing requirement where the state, because of a clerical-type error made in good faith, improperly alleges the elements of an offense in a timely-filed charging document. In such instances, we have held that the state may amend the charging document to correct the error after the applicable statutory period has elapsed, provided that the amendment was not intended to actually change the substantive charge and did not prejudice the rights of the accused to present a defense and get a fair trial.
Id. at 1385-86 (citations omitted).
The supreme court concluded by stating the following applicable principal:
We hold that the state may amend a timely-filed juvenile delinquency petition after the forty-five-day filing period has elapsed if the amendment, made prior to the adjudicatory hearing, is intended to merely correct a good faith clerical-type error and not to change the substantive allegation for other reasons. However, under no circumstances may the state amend a petition if the amendment prejudices the juvenile’s rights to prepare a defense and receive a full and fair adjudicatory hearing.
Id. at 1389. In applying this principle, the supreme court noted that the juvenile did not dispute that from the outset he had actual knowledge of the contents of the arrest report, which alleged the sale of cocaine rather than cannabis. The evidence showed it was a clerical error the state wanted to correct. The supreme court approved the trial court’s decision to permit the state to amend. M.F. did not *759 show the amendment prejudiced his right to prepare a defense and get a fair hearing.
In the instant case, the defense had access to the police reports, which clearly referred to residences, not vehicles. The amended petition did not change victims or allege a different violation. Therefore, S.P. failed to show how he was prejudiced by the change in the Amended Petition for Delinquency. We, therefore, reverse and remand for further proceedings consistent with this opinion.

Reversed and Remanded for further proceedings.

DAMOORGIAN and CIKLIN, JJ., concur.

. Florida Rule of Juvenile Procedure 8.110 was renumbered as Florida Rule of Juvenile Procedure 8.035 effective July 1, 1991. See In re Petition of the Fla. Bar to Amend Fla. Rules of Juvenile Procedure, 589 So.2d 818 (Fla.1991).