STEVENSON, J.
In this appeal, the State challenges an order dismissing its petition for delinquency, filed in October of 2010 and charging W.D. with resisting an officer. By March of 2012, W.D. still had not been arraigned on the charge and the State still had not served W.D. and his parents/guardian with a summons. Relying upon section 985.0301(6), Florida Statutes (2012), which states “[t]he court may at any time enter an order ending its jurisdiction over any child,” the trial court dismissed the ease. The State insists the dismissal was in error. While the State raises a number of arguments, we find merit in only one: its claim that interpreting section 985.0301(6) to permit a trial court to dismiss a juvenile proceeding for no reasons other than those presented in this case would be contrary to the statute’s intent, infringe upon the State’s prosecutorial authority, and render the statute unconstitutional as violating separation of powers principles.
The probable cause affidavit reflects that, on September 23, 2010, Broward County sheriffs deputies were dispatched to a home in Hillsboro Beach as dispatch had received information that W.D., a minor missing from his home state of Indiana, might be at that location. When W.D. observed police through the glass door, he fled into the residence and hid in a locked closet. The officers had information that W.D. was on probation in Indiana and took him into custody on charges of “missing person” (count 1); violation of probation (count 2); and resisting arrest without violence based on the flight and the hiding in the closet (count 3). Initially, the circuit court entered orders requiring W.D. to be held at a juvenile detention center. Then, on September 28 and 29, 2010, the circuit court entered orders requiring the Department of Juvenile Justice to make arrangements to transport W.D. to Indiana and for release of W.D. to the custody of his father.
On October 7, 2010, after W.D. had been released to his father, the State of Florida filed a petition for delinquency, charging W.D. with resisting arrest without violence based upon his flight and hiding in the closet. As of March 19, 2012, W.D. still had not been arraigned. At the outset of the March 19 arraignment hearing, the trial court observed that this was the eleventh arraignment hearing; that the minor child was not present and was now in Indiana; and that the, minor and/or his parents had not been served with a summons. The prosecutor explained, “we could only try to serve him in Indiana.” The trial judge dismissed the case, making the following statement on the record:
You could try to serve him in Indiana, but the reason he was initially stopped was because he ran away from Indiana. Now he’s back in Indiana. And what he did is the-police officer told him to stop and ... he hid in a closet.
So, pursuant to 985.0301, subsection (6), which states that the Court may at any time enter an order ending its jurisdiction over any child, I’m going to dismiss this based on that and end the jurisdiction of the Court over this child.
The prosecutor objected, insisting the statute gave the court the authority to terminate jurisdiction only “once the case has been resolved.” The trial court noted the objection and entered an order dismissing the petition for delinquency.
Section 985.0301, Florida Statutes (2012), provides, in relevant part, that
(1) The circuit court has exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law.
(2) The jurisdiction of the court shall attach to the child and the case when the summons is served upon the child *704 and a parent or legal or actual custodian or guardian of the child, or when the child is taken into custody with or without service of summons and before or after the filing of a petition, whichever first occurs, and thereafter the court may control the child and the case in accordance with this chapter.
[[Image here]]
(6) The court may at any time enter an order ending its jurisdiction over any child.
Here, the trial court acquired jurisdiction over W.D., pursuant to subsection (2) of the statute, when he was taken into custody. See § 985.0301(2), Fla. Stat. (2012) (“The jurisdiction of the court shall attach to the child and the case when the summons is served upon the child and a parent or legal or actual custodian or guardian of the child, or when the child is taken into custody with or without service of summons and before or after the filing of a petition, whichever first occurs ....”) (emphasis added). The trial court sought to terminate that jurisdiction by resort to subsection (6).
The language of subsection (6) is indisputably broad, providing the court may “at any time” enter an order terminating its jurisdiction over any child. Fundamental principles of statutory construction, however, require that the statutory language be interpreted in the context of the statute as a whole. See, e.g., Koile v. State, 934 So.2d 1226, 1233 (Fla.2006). And, with respect to termination of jurisdiction, the remainder of section 985.0301 is directed to the length of time that the court is permitted to retain jurisdiction following an adjudicatory hearing, i.e., subsection (5)(a) provides that, in the event the court adjudicates the child delinquent, it may retain jurisdiction until the child’s nineteenth birthday; subsection (5)(d) provides that for minors committed to high-risk programs the court cannot retain jurisdiction beyond the child’s twenty-second birthday; and subsection (5)(e) provides for the retention of jurisdiction until the child reaches twenty-one in the event the child is placed in certain enumerated programs. Considered in this light, subsection (6) is fairly viewed as authorizing the court to elect to end its jurisdiction over a child at any time following the initial adjudicatory hearing — not as permitting the trial court to use its discretion to terminate jurisdiction to put an end to the prosecution before the case ever reaches adjudication on the merits.
This reading of subsection (6) is further supported by the history of subsection (6). The language now found in subsection (6) once appeared in section 985.231, Florida Statutes (2005). See § 985.231(l)(f), Fla. Stat. (2005); Ch. 2006-120, § 5, Laws of Fla. Section 985.231 was entitled “Powers of disposition in delinquency cases” and all of its provisions directed to the discretion and alternatives available to the court subsequent to an adjudicatory hearing. In 2006, the legislature rewrote portions of chapter 985. The rewrite resulted in the language that once appeared in section 985.231(l)(f) being moved to the newly-created section 985.0301. The rewrite did not effect any substantive changes.
Finally, a construction of the statute limiting the application of subsection (6) to post-adjudicatory circumstances is necessary in order to avoid the statute’s being rendered unconstitutional. The separation of powers doctrine provides that one branch of government may not encroach upon the powers of another. See, e.g., Chiles v. Children A, B, C, D, E, & F, 589 So.2d 260, 264 (Fla.1991). And, it is the state attorney, not the trial courts, who “has complete discretion in making the decision to charge and prosecute.” Cleveland v. State, 417 So.2d 653, 654 *705 (Fla.1982); see also State v. Bauman, 425 So.2d 32, 34 (Fla. 4th DCA 1982) (“ ‘[T]he discretion of a prosecutor in deciding whether and how to prosecute is absolute in our system of criminal justice.’ ”) (quoting State v. Cain, 381 So.2d 1361, 1367 (Fla.1980)). Thus, under circumstances analogous to those here, Florida’s appellate courts have held the trial court lacked the authority to dismiss a case for the very reason that the pre-trial dismissal encroached upon the state attorney’s pros-ecutorial authority. See State v. D.D.B., 737 So.2d 1178, 1179 (Fla. 2d DCA 1999) (reversing dismissal of delinquency case precipitated by State’s failure to serve summons because, in dismissing the case, “the trial court exceeded its bounds and encroached upon the prosecutor’s authority”); State v. P.S., 587 So.2d 672, 672 (Fla. 5th DCA 1991) (holding trial court’s dismissal of case after the child, an Argentinean citizen, failed to appear for arraignment encroached upon State’s prose-cutorial authority).

Reversed and Remanded.

CIKLIN and GERBER, JJ., concur.