DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**STATE OF FLORIDA,**
Appellant,

v.

**J.C.,** a child,
Appellee.

No. 4D12-4176

[July 9, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Merrillee Ehrlich, Judge; L.T. Case No. 11-4271 DL.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Karen Ehrlich, Assistant Public Defender, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

In this appeal, the State challenges the trial court's order dismissing its petition for delinquency. We reverse and hold that the trial court impermissibly relied on section 985.0301(6), Florida Statutes (2011), to dismiss the petition before the adjudicatory hearing. *See State v. W.D.*, 112 So. 3d 702, 703 (Fla. 4th DCA 2013).

By way of background, the State filed a delinquency petition against J.C. in August of 2011, based on allegations that he punched another student in the school cafeteria. At the hearing on the petition more than a year later, the State informed the court that J.C. was living at a family shelter in New York. Defense counsel moved to dismiss the petition pursuant to section 985.0301(6), which permits the court "at any time [to] enter an order ending its jurisdiction over any child." *See* § 985.0301(6), Fla. Stat. (2011). The trial court granted the motion over the State's objection and dismissed the delinquency petition.

On appeal, the State argues that the trial court erred in dismissing the petition pursuant to our holding in *W.D.,* 112 So. 3d 702. There, we held that section 985.0301(6) allows the trial court to end its jurisdiction over a child only *after the initial adjudicatory hearing. Id.* at 704. The public defender concedes error based on *W.D.* Accordingly, we hold that the trial court impermissibly relied on section 985.0301(6) to terminate its jurisdiction over J.C. and "put an end to the prosecution before the case ever reache[d] adjudication on the merits." *See id.* By dismissing the delinquency petition, the trial court violated the separation of powers doctrine by encroaching on the state attorney's absolute authority to decide where and how to prosecute this case. *See id.* at 704–05. Thus, we reverse and remand the trial court's order dismissing the State's delinquency petition.

*Reversed and Remanded.*

FORST, J., and HANZMAN, MICHAEL, Associate Judge, concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***