DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**C.W.,** a child,
Appellee.

No. 4D14-1320

[June 17, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos S. Rebollo, Judge; L.T. Case No. 13-2163 DL.

Pamela Jo Bondi, Attorney General, Tallahassee, and Angela E. Noble, Assistant Attorney General, West Palm Beach, for appellant.

No brief filed for appellee.

PER CURIAM.

The State appeals the trial court's final order *sua sponte* dismissing the petition for delinquency filed against C.W. after the State made several unsuccessful attempts to serve C.W. with a summons to appear. We agree with the State that in *sua sponte* dismissing the case, the trial court improperly ruled on an issue that was not before it and interfered with the State's discretion to bring charges against C.W. However, because the State has not preserved these arguments for appeal, we affirm the dismissal.

Nevertheless, we write to emphasize to the trial court that where, as here, no motion to dismiss has been filed, the trial court is without authority to dismiss a criminal prosecution *sua sponte*. *State v. D.W.*, 821 So. 2d 1179, 1180 (Fla. 3d DCA 2002) ("The trial court may adjudicate only those issues or questions which are properly placed before the court, such as occurs when the defendant files a sworn motion to dismiss."); *State v. Leon*, 967 So. 2d 437 (Fla. 4th DCA 2007). Additionally, the trial court's *sua sponte* dismissal of the case encroached upon the State's discretion to prosecute. *Leon*, 967 So. 2d at 437. We have previously

instructed that "it is the state attorney, not the trial court[], who 'has complete discretion in making the decision to charge and prosecute.'" *State v. W.D.*, 112 So. 3d 702, 704-05 (Fla. 4th DCA 2013) (quoting *Cleveland v. State,* 417 So.2d 653, 654 (Fla. 1982)). A trial court is not authorized to dismiss a petition based upon the State's failure to arraign a juvenile or serve summons on the juvenile or his parents. *Id.* at 705 (citing *State v. D.D.B.,* 737 So.2d 1178, 1179 (Fla. 2d DCA 1999)) (reversing dismissal of delinquency case precipitated by State's failure to serve summons because, in dismissing the case, "the trial court exceeded its bounds and encroached upon the prosecutor's authority").

Furthermore, the dismissal of criminal charges is "an action of such magnitude that resort to such a sanction *should only be had when no viable alternative exists.*" *Dawson v. State*, 951 So. 2d 931, 933 (Fla 4th DCA 2007) (emphasis added) (quoting *State v. Lowe,* 398 So. 2d 962, 963 (Fla. 4th DCA 1981)). Here, review of the records indicates that despite the State's efforts, C.W. had not made an appearance because she had not been served, and the State's investigation revealed that she and her mother frequently moved. As such, the State requested additional time to locate and serve C.W. Nevertheless, the request was denied and the trial court dismissed the petition, apparently sanctioning the State for its delay in perfecting service. However, because the State requested additional time to locate and serve C.W., this provided a viable alternative to dismissal, and as such, the sanction of dismissal was not the trial court's last resort in this case.

Nonetheless, while we agree with the State that the trial court erred in *sua sponte* dismissing the case, because the State failed to make these arguments below, we affirm.

*Affirmed.*

STEVENSON, GERBER and CONNER, JJ., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**

2