DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**D.A.,** a child,
Appellee.

No. 4D14-2564

[August 12, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos S. Rebollo, Judge; L.T. Case No. 11-9080DL00A.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellant.

Joseph J. Pappacoda, Fort Lauderdale, for appellee.

DAMOORGIAN, J.

In this appeal, the State challenges the trial court's final order *sua sponte* dismissing its petition for delinquency. We reverse and hold that the trial court impermissibly relied on section 985.0301(6), Florida Statutes (2014), to *sua sponte* dismiss the petition before the initial adjudicatory hearing. *See State v. W.D.*, 112 So. 3d 702, 703 (Fla. 4th DCA 2013).

By way of background, the State filed a delinquency petition against D.A. in January of 2012, based on allegations that he trespassed on school grounds. D.A. was scheduled for intake into a juvenile diversion program, but failed to appear on the scheduled date. D.A. then was issued a capias in April of 2012 for failure to appear. At the hearing on the petition more than two years later, the State informed the trial court that, from its understanding, D.A. was on a pickup order status. After noting it appeared that the State had declined to extradite D.A. after he was arrested in Colorado, the trial court *sua sponte* dismissed the petition for delinquency.

On appeal, the State argues that the trial court erred in dismissing the

petition based on our holding in *W.D.*[1]  In that case, we held that section 985.0301(6) "is fairly viewed as authorizing the court to elect to end its jurisdiction over a child at any time *following the initial adjudicatory hearing*—not as permitting the trial court to use its discretion to terminate jurisdiction to put an end to the prosecution before the case ever reaches adjudication on the merits." *Id.* at 704 (emphasis added).  Furthermore, a trial court is without authority to *sua sponte* dismiss a criminal prosecution "where, as here, no motion to dismiss has been filed." *State v. C.W.*, No. 4D14-1320, 2015 WL 3761242, at *1 (Fla. 4th DCA 2015).  By *sua sponte* dismissing the delinquency petition, the trial court improperly encroached upon the State's discretion to prosecute D.A.  *See id.* Thus, in light of our holding in *W.D.* and *C.W.*, we reverse and remand the trial court's order dismissing the State's delinquency petition.

*Reversed and remanded.*

GROSS and GERBER, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1]  D.A. argues on appeal that the State waived prosecution by failure to extradite him.  D.A., however, provides no authority in support of this argument. Alternatively, D.A. concedes error based on *W.D.*

2