DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**J.Q.,** a Child,
Appellee.

No. 4D14-2565

[November 12, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos S. Rebollo, Judge; L.T. Case No. 11-003806DLA.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Sr. Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellee.

CIKLIN, C.J.

The state appeals the trial court's dismissal of a petition for delinquency against J.Q., a minor. We agree with the state's contention that the trial court erred in *sua sponte* dismissing the petition prior to an adjudicatory hearing and we reverse.

We recently addressed a similar dismissal in *State v. D.A.*, 171 So. 3d 229 (Fla. 4th DCA 2015), where we explained:

> On appeal, the State argues that the trial court erred in dismissing the petition based on our holding in [*State v. W.D.*, 112 So. 3d 702 (Fla. 4th DCA 2013)]. In that case, we held that section 985.0301(6) "is fairly viewed as authorizing the court to elect to end its jurisdiction over a child at any time *following the initial adjudicatory hearing*—not as permitting the trial court to use its discretion to terminate jurisdiction to put an end to the prosecution before the case ever reaches adjudication on the merits." *Id.* at 704 (emphasis added). Furthermore, a trial court is without

authority to *sua sponte* dismiss a criminal prosecution "where, as here, no motion to dismiss has been filed." *State v. C.W.*, No. 4D14–1320, 2015 WL 3761242, at \*1 (Fla. 4th DCA 2015). By *sua sponte* dismissing the delinquency petition, the trial court improperly encroached upon the State's discretion to prosecute D.A. *See id.*

*Id.* at 230 (emphasis in original) (footnote omitted).

The trial court relied on *State v. A.A.*, 110 So. 3d 988 (Fla. 4th DCA 2013), in dismissing the petition. *A.A.*, however, is distinguishable. There, the state argued that the trial court lacked jurisdiction to dismiss a juvenile case where the juvenile had not been served.[1] This court affirmed, holding that jurisdiction attached when the child was detained and taken into custody. *Id.* Here, the trial court's jurisdiction was not in question.

J.Q. properly and commendably concedes error. We therefore reverse and remand for further proceedings.

*Reversed and remanded.*

MAY and FORST, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Service of a summons is required where a delinquency petition is filed upon a child not in detention:

> Upon the filing of a petition upon a child who is not detained by order of the court, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. The time of the hearing shall not be less than 24 hours after service of the summons. The summons shall require the custodian to produce the child at the said time and place. A copy of the delinquency petition shall be attached to the summons.

Fla. R. Juv. P. 8.040(a)(1).

2