# Third District Court of Appeal

## State of Florida

Opinion filed February 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1404
Lower Tribunal No. B22-14816
_____


**City of Miami Beach,**
Appellant,

vs.

**Adalberto Cosme,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Robin Faber, Judge.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General; Rafael A. Paz, City Attorney, and Robert F. Rosenwald, Jr., Chief Deputy City Attorney, and Woody Clermont, Assistant City Attorney, for appellant.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellee.


Before SCALES, LINDSEY, and MILLER, JJ.

LINDSEY, J.

The City of Miami Beach appeals the trial court's sua sponte dismissal of the charges against Adalberto Cosme. For the reasons set forth below, we reverse.

On the afternoon of July 27, 2022, two City of Miami Beach police officers observed Appellee Adalberto Cosme (Defendant below) with an open alcoholic beverage in plain view of the public. Cosme smelled heavily of alcohol and slurred his speech. The officers arrested Cosme and transported him to jail.

Cosme was charged by arrest affidavit with consumption and possession of an open container of alcohol in a public place in violation of section 70-87(a)(1), Miami Beach Code of Ordinances. The Municipal Prosecutor was present at the first appearance on the morning of July 28, 2022.[1] Cosme did not appear. The Department of Corrections advised the court that Cosme was in medical isolation. At the Assistant Public Defender's request, the case was reset for the following day.

But instead, the case was recalled during the afternoon first appearance calendar on the same day (July 28). The City was not noticed to appear in the afternoon. Hence, the Municipal Prosecutor was not

---

[1] Municipal prosecutors are authorized to prosecute violations of municipal ordinances. See § 34.13(5), Fla. Stat. (2023) ("Municipal prosecutors may prosecute violations of municipal ordinances.").

present. Despite having been given information about Cosme's lack of prior record and the Municipal Prosecutor's agreement to allow Cosme to be released on his own recognizance, the county court sua sponte dismissed the case by way of a handwritten note on the back of the arrest affidavit.

The City filed a Notice of Appeal in the lower court directed at the dismissal. The Notice stated that the dismissal was "contrary to those requirements set forth pursuant to Florida Law." The Attorney General's Office, on behalf of the City, later filed a motion in this Court requesting additional time to obtain a written order of dismissal.[2] This Court granted the City's motion, and the City supplemented the record with a written order dismissing the case.[3]

The City argues that because the prosecutor has the sole discretion to charge and prosecute criminal acts, the trial court erred in sua sponte dismissing the case. Cosme does not dispute the City's argument but

---

[2] Opposing counsel took the position that the order on appeal was a sufficient written order dismissing the case. Opposing counsel also moved to dismiss arguing that the City had no authority to invoke this Court's jurisdiction. However, this argument was rendered moot by the appearance of the Attorney General's Office, as conceded by the Attorney General in her written response to the motion to dismiss. Consequently, this Court entered an order denying the motion to dismiss.

[3] See Fla. R. App. P. 9.110(*l*) ("[I]f a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature. . . . Before dismissal, the court in its discretion may grant the parties additional time to obtain a final order from the lower tribunal.").

instead argues that the City failed to properly preserve its argument and invited error.

While it is true that "[i]n general, to raise a claimed error on appeal, a litigant must object at trial when the alleged error occurs[,]" F.B. v. State, 852 So. 2d 226, 229 (Fla. 2003), it is well-established that a due process violation, like the one here, is reviewable on appeal. See, e.g., State v. Johnson, 616 So. 2d 1, 3 (Fla. 1993) ("[F]or an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process."); see also Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard." (quoting Grannis v. Ordean, 234 U.S. 385, 394 (1914)).

Here, the City was not given notice and was therefore not present when the lower court sua sponte dismissed the case.[4] "'Due process protections prevent a trial court from deciding matters not noticed for hearing and not the subject of appropriate pleadings.' Thus, it is error to award relief that is

---

[4] The dissent contends that this case is on all fours with State v. C.W., 166 So. 3d 950 (Fla. 4th DCA 2015). Although C.W. involved a trial court's improper sua sponte dismissal, the opinion does not address the due process concerns raised in the instant appeal. Nothing in C.W. indicates that the prosecutor was not present when the trial court sua sponte dismissed.

4

neither requested in the motion at issue nor argued at the hearing on that motion." Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So. 3d 865, 871 (Fla. 2d DCA 2011) (quoting Mizrahi v. Mizrahi, 867 So. 2d 1211, 1213 (Fla. 3d DCA 2004)); see also State v. Patsas, 60 So. 3d 1152, 1152 (Fla. 5th DCA 2011) ("We reverse the trial court's sua sponte order dismissing a 1985 felony charge . . . . The record reflects that the State did not receive notice or an opportunity to be heard prior to the rendition of the order of dismissal. The fundamental requisites of due process of law are notice and the opportunity to be heard.").

Though most due process criminal cases involving the right to notice and the denial of the right to be heard implicate a defendant's constitutional rights, due process is a two-way street. Because the City's due process rights were violated when the trial court sua sponte dismissed without providing the City with notice and an opportunity to be heard, we reverse the order on appeal.[5]

Moreover, because the prosecution has the sole discretion to charge and prosecute criminal acts, and because no motion to dismiss was filed and none of the grounds enumerated in Florida Rule of Criminal Procedure

---

[5] We also reject the argument that the City invited error when it requested a written final order from the lower court. This was done pursuant to an order from this Court, which gave the City additional time to obtain a final order.

3.190(c) were present in this case, the trial court exceeded its authority in dismissing the case.[6]

It is axiomatic that in the absence of a statute or motion to dismiss, the decision whether to prosecute or to dismiss charges is a determination to be made solely by the prosecution. See, e.g., State v. Brosky, 79 So. 3d 134, 135 (Fla. 3d DCA 2012); see also State v. Leon, 967 So. 2d 437, 437 (Fla. 4th DCA 2007) ("[W]e agree that reversal is required because the trial court's action in dismissing the case was an abuse of discretion and constituted an improper infringement upon the State's discretion to prosecute."); City of Hollywood v. Haynie, 337 So. 3d 369, 371-72 (Fla. 4th DCA 2022) (holding that the trial court did not have discretion to sua sponte dismiss a criminal charge of public consumption of an alcoholic beverage even though the defendant was being held in custody during the COVID-19 pandemic, where

---

[6] Florida Rule of Criminal Procedure 3.190(c) provides as follows:

> [T]he court may at any time entertain a motion to dismiss on any of the following grounds:
> (1) The defendant is charged with an offense for which the defendant has been pardoned.
> (2) The defendant is charged with an offense for which the defendant previously has been placed in jeopardy.
> (3) The defendant is charged with an offense for which the defendant previously has been granted immunity.
> (4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which the motion is based should be alleged specifically and the motion sworn to.

the city had determined it would continue to prosecute, and the defendant had not moved to dismiss the charge). "This discretion is inviolate 'notwithstanding the court's belief that the best interests of the public and the parties would be served by dismissal.'" Brosky, 79 So. 3d at 135 (quoting State v. Wheeler, 745 So. 2d 1094, 1096 (Fla. 4th DCA 1999)).

Here, Cosme did not move to dismiss, and no administrative order authorized the trial court to sua sponte dismiss the case. Indeed, the trial court dismissed the criminal charges outside the presence of the Municipal Prosecutor who was noticed for this case the following day. Notwithstanding the trial court's belief that the best interests of the public and the parties would be served by dismissal, it lacked authority to do so not only in the absence of the Municipal Prosecutor but also in the absence of a request to do so.

We therefore reverse the order of dismissal and remand for further proceedings.

Reversed and remanded.

SCALES, J., concurs.

7

MILLER, J., dissenting.

I respectfully dissent.  I agree with the majority in so far as it concludes that the right by the State to maintain a prosecution is integral to our justice system and the trial court possesses no authority to interfere with that right, absent legal justification.  But I view the preservation issue slightly differently.  It seems to me that this case is on all fours with the decision of our sister court in State v. C.W., 166 So. 3d 950 (Fla. 4th DCA 2015), and that by requesting a written order of dismissal, without voicing any objection whatsoever to the process employed by the trial court, the municipal prosecutor invited the asserted error or, at a minimum, failed to preserve the claim for appellate review.  See C.W., 166 So. 3d at 950 (simultaneously confirming that "in sua sponte dismissing the case, the trial court improperly ruled on an issue that was not before it and interfered with the State's discretion to bring charges against [the defendant]," yet affirming dismissal "because the State ha[d] not preserved these arguments for appeal").  Relying upon settled appellate principles, courts around this state have routinely refused to impute reversible error in analogous circumstances.  See e.g., Thomas v. State, 730 So. 2d 667, 668 (Fla. 1998) ("Where counsel communicates to the trial judge his acceptance of the procedure employed,

the issue will be considered waived."); <u>Ashley v. State</u>, 642 So. 2d 837, 838 (Fla. 3d DCA 1994) ("[T]he [appellant] can[not] take advantage on appeal of the situation he created at trial."); <u>Krasnick v. State</u>, 691 So. 2d 523, 524 (Fla. 4th DCA 1997) (concluding appellate review of issue raised for first time on appeal has been waived); <u>Bryan v. Bryan</u>, 930 So. 2d 693, 697 (Fla. 3d DCA 2006) ("[U]nder the invited-error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal."); <u>Weber v. State</u>, 602 So. 2d 1316, 1319 (Fla. 5th DCA 1992) (asserting appellant may not "sandbag [a] trial judge by requesting and approving [something] they know . . . will result in an automatic reversal, if given"); <u>Pensacola Beach Pier, Inc. v. King</u>, 66 So. 3d 321, 324 (Fla. 1st DCA 2011) (finding appellants failed to preserve argument for appeal where "trial court's error appeared for the first time on the face of the final summary judgment" and appellants did not attempt to correct error with trial court); <u>Anderson v. State</u>, 93 So. 3d 1201, 1206 (Fla. 1st DCA 2012) (noting "[a]ppellant cannot . . . 'cry foul' and benefit from [the] invited error" after waiving issues on appeal with trial court); <u>Chiu v. Wells Fargo Bank, N.A.</u>, 242 So. 3d 461, 463 (Fla. 3d DCA 2018) ("Generally, in order to raise an issue on appeal, it must be presented to the trial court, and the 'specific legal argument or ground to be argued on appeal must be part of that presentation.'"). Accordingly, and because the factual

issues surrounding the purported due process violation are not fully established by the record before us, I would affirm the order under review.